UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62216-CIV-MARRA

LIVING COLOR ENTERPRISES, INC., a
Florida corporation,

    Plaintiff,

vs.

NEW ERA AQUACULTURE, LTD., a
United Kingdom Private limited company et al.,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant John T. O'Rourke's Motion to Dismiss (DE 32); Defendant New Era Aquaculture, Ltd.'s Motion to Dismiss the Complaint (DE 33); Defendant Aqua-Tech Co.'s Motion to Dismiss (DE 34) and Defendant Daniel Leyden's Motion to Dismiss (DE 35). The motions are fully briefed and ripe for review. The Court has carefully considered the Motions and is otherwise fully advised in the premises.

    I.  Background

Plaintiff Living Color Enterprises, Inc. ("Plaintiff" "Living Color") filed a fourteen-count Complaint against Defendants New Era Aquaculture, Ltd. ("New Era"), Aqua-Tech Co. ("Aqua-Tech"), John T. O'Rouke ("JT") and Daniel Leyden ("Leyden") (collectively, "Defendants"). (DE 1.) The Complaint brings claims for declaratory judgment against New Era (count one), trademark infringement against all Defendants (count two), federal unfair competition against all Defendants (count three), common law unfair competition against all Defendants (count four),

breach of non-compete agreement against JT (count five), breach of fiduciary duty against JT (count six), breach of fiduciary duty against Leyden (count seven), aiding and abetting breaches of fiduciary duty against New Era (count eight), aiding and abetting breaches of fiduciary duty against Aqua-Tech (count nine), tortious interference with advantageous business relationships against Aqua-Tech (count ten), tortious interference with advantageous business relationships against New Era (count eleven), tortious interference with advantageous business relationships against JT (count twelve), tortious interference with advantageous business relationships against Leyden (count thirteen) and misappropriation of trade secrets pursuant to Florida Statute ¶ 688.001 against all Defendants (count fourteen).

According to the allegations of the Complaint, New Era is a premium food manufacturer which developed a unique process for manufacturing high-quality and nutritious marine animal food. (Compl. ¶ 10.)  Prior to 2009, New Era had no avenue for marketing and/or distributing its products in the North American market. (Compl. ¶ 11.)  On or about August 10, 2009, Plaintiff and New Era entered into a business relationship in which Plaintiff became the exclusive distributor for New Era products in the United States. (Compl. ¶ 12.)  Along with entering into that business relationship, New Era relinquished ownership of the trademark rights for New Era (the "Mark") in the United States to Plaintiff . (Compl. ¶ 13.)  From 2009 through 2014, Plaintiff continuously used the Mark in interstate commerce without objection by New Era. (Compl. ¶ 14.)  Living Color invested significant resources into the development of the New Era brand and product. (Compl. ¶ 15.)  As a result of these investments, New Era developed significant goodwill in the United States, earning a reputation for quality within the industry and the Mark became an established, high-tier brand of marine animal food. (Compl. ¶ 16.)

On or about January 10, 2011, Living Color hired JT to be its sales manager and to lead operations with respect to the business relationship. (Compl. ¶ 17.) As a condition of his employment, JT executed a Living Color Employee Non-Disclosure Agreement (the "Non-Compete"). (Compl. ¶ 18; Non-Compete, Ex. A attached to Compl.) As part of this agreement, JT agreed to maintain the confidentiality of Living Color's trade secrets and other confidential information, not to solicit or entice Living Color's employees or independent contractors to terminate their relationships with Living Color, not to encourage or entice Living Color's vendors or suppliers to cease doing business with Living Color and not to compete with Living Color following termination of his employment with Living Color. (Compl. ¶¶ 19-22.) In section 6 of the Non-Compete, JT agreed not to compete against Plaintiff in specified counties in Florida during his term of employment and 24 months after the termination of his employment. (Non-Compete ¶ 6.)

On or about April 2013, Living Color hired Leyden to be its East Coast Regional Sales Representative. (Compl. ¶ 23.) JT and Leyden further developed New Era's brand and products on behalf of Living Color pursuant to the business relationship and were the contacts for Living Color's customers and for New Era. (Compl. ¶ 24.)

On May 10, 2014, Aqua-Tech, New Era and JT exchanged emails outlining a plot to divest Living Color of the business relationship with New Era, its relationships with JT and Leyden, and Living Color's customers and other trade secrets. (Compl. ¶ 26; May 10, 2014 email, Ex. B, attached to Compl.) On September 5, 2014, New Era terminated its business relationship with Living Color. (Compl. ¶ 27; Sept. 5, 2014 email, Ex. C, attached to Compl.) On September 5, 2014, JT terminated his employment with Living Color, stating that he had

3

accepted employment with New Era. (Compl. ¶ 28; Resignation letter, Ex. D, attached to Compl.)  On September 10, 2014, Leyden terminated his employment with Living Color, stating he had accepted employment with New Era. (Compl. ¶ 29; Resignation letter, Ex. E, attached to Compl.).  Subsequent to the termination of Living Color's relationships with New Era, JT and Leyden, Aqua-Tech became the exclusive distributor for New Era's products bearing the Mark owned by Living Color. (Compl. ¶ 30.)

New Era makes the following arguments in moving to dismiss the Complaint.  With respect to the trademark infringement and unfair competition claims, New Era contends that it remains the sole owner of all rights in and to the registered marks and therefore Living Color cannot prevail on its infringement and other trademark claims.  Next, New Era asserts that former employees do not owe any fiduciary duty to Living Color, and even if there was a duty, New Era did not assist such a breach.  With respect to the tortious interference with business relationship claims, New Era contends that the Complaint does not allege New Era did anything other than protect its own business interests.  Finally, New Era states that the claim for misappropriation of trade secrets is vague.

Aqua-Tech argues that the trademark claims and the federal and state common law unfair competition claims are conclusory.   In addition, Aqua-Tech contends that there is no cognizable cause of action for federal common law unfair competition.  Aqua-Tech claims the Complaint lacks any facts that it assisted or encouraged any breaches of fiduciary duty by Leyden.  Next, Aqua-Tech asserts that Florida law does not support a tortious interference claim with an "at-will" contract or business relationship unless the interference is direct and unjustified and the Complaint does not make these necessary allegations.  Lastly, Aqua-Tech argues that the

misappropriation of trade secrets claim is conclusory.

JT argues that the Complaint does not allege facts to support individual liability against him for trademark infringement or federal or state law unfair competition.  With respect to the breach of the non-disclosure agreement, JT states the claim does not allege he committed acts in the designated counties and fails to describe the trade secrets at issue.  JT also claims that there can be no breach of fiduciary duty when the relationship is a simple employer-employee relationship.  With respect to tortious interference with an advantageous business relationship, JT argues that the Complaint does not allege any direct and intentional interference by JT.  Lastly, JT claims that the misappropriation count does not allege the trade secrets with particularity.

Leyden challenges the trademark infringement claim on the basis that Living Color's allegations that it is the owner of the trademark are conclusory and that Living Color has failed to allege facts to support individual liability against him.  With respect to unfair competition, Leyden states that there is no cognizable claim for federal common law unfair competition. Leyden further states that the common law unfair competition claim fails because there are no allegations showing that New Era relinquished its trademark rights. As for the breach of fiduciary duty and tortious interference with advantageous business relationship claims, Leyden asserts that the Complaint does not allege any facts that he breached his duty of loyalty or took any actions to divest Living Color of anything.  Lastly, Leyden states that Living Color failed to allege with particularity the nature of the trade secrets.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

A.  Trademark Infringement Claim (count two)

Defendants seek to dismiss this claim on the basis that Plaintiff's allegation that "New Era relinquished ownership of the trademark rights for the Mark in the United States to Living

Color" (Compl. ¶ 13) is conclusory and cannot support a claim for trademark infringement. In making this argument, New Era claims it is the sole owner of the Mark and attaches evidence that it claims shows that Living Color was only a designated distributor.[1]

The Court finds that the allegations of the Complaint clearly allege that Living Color obtained the Mark. Defendants quibble with the use of the term "relinquishment" in the Complaint, claiming that there is no concept of "relinquishment" in trademark law. Regardless of the use of the word "relinquishment," it is clear that Plaintiff is claiming it obtained trademark rights from New Era. This allegation meets the requirements of Twombly. Thus, to the extent the trademark claims are alleged against New Era and Aqua-Tech, these claims may proceed.

The individual Defendants make an additional argument that the Complaint has not provided a factual basis to support individual liability for trademark infringement. To support an infringement claim against an individual, it is necessary that a complaint pleads that the individual "actively and knowingly caused the infringement." Chanel, Inc. v. Italian Activewear of Florida, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). Here, the Complaint alleges that Aqua-Tech, New Era and JT "outlin[ed] a plot to divest" Living Color of its exclusive distributorship, Living Color's relationships with JT and Leyden, and Living Color's customers and other trade secrets. (Compl. ¶ 26.) The Complaint also alleges that JT and Leyden terminated their employment with Living Color to accept employment with New Era. (Compl. ¶ ¶ 28-29.)

These allegations, however, show only that these individual Defendants left their

---

[1] The Court will not consider the evidence submitted by New Era, which contain letters, emails, copies of website pages and records from the United States Patent and Trademark Office. (DE 33-1, DE 33-2). These materials may be submitted at the summary judgment stage, not at the motion to dismiss stage. See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) ("The scope of the review must be limited to the four corners of the complaint.").

positions with Living Color and took positions with New Era.  With respect to JT, the Complaint alleges he participated in a plan to obtain Living Color's business.  These allegations, however, do not plead facts, which if true, would show that these individuals were the moving force behind engaging in the alleged infringing acts.  See Chanel, 931 F.2d at 1478 n.8 ("The individual liability standard does not ask whether the individual participated or engaged in some infringing act; instead, [the standard] asks whether he actively participated as a moving force in the *decision* to engage in the infringing acts, or otherwise caused the infringement as a whole to occur.") (emphasis in original); Scar Heal, Inc. v. JJR Media, Inc., No. 8:14–cv–733–T–33AEP, 2014 WL 3586500, at * 4 (M.D. Fla. July 8, 2014)  (finding individual liability for trademark infringement when the complaint alleges the individual has "controlled and directed the activities" of the company). Plaintiff is granted leave to remedy this pleading deficiency.

The motion to dismiss is granted with respect to the individual Defendants, and denied with respect to New Era and Aqua-Tech.

### B.  Federal Unfair Competition Claim (count three)

Count three is labeled "federal unfair competition" and cites to the Lanham Act, 15 U.S.C. § 1125(a) and repeats the same facts contained count two. (Compare Compl. ¶ ¶ 40-41 with ¶ ¶ 44-45.)  "Unfair competition" under the Lanham Act includes palming off, false designation of origin and trademark infringement.  Turner Greenberg Assocs, Inc. v. C & C Imports, Inc., 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004).   While count two is an infringement claim, it is unclear to the Court upon what theory count three proceeds under the Lanham Act. Assuming Plaintiff seeks to bring both a Lanham trademark infringement claim and false

8

endorsement claim,[2] the Eleventh Circuit has "never recognized a separate claim of false endorsement, distinct from trademark infringement under § 43(a)." Tana v. Dantanna's, 611 F.3d 767, 777 n.9 (11th Cir. 2010); see University of Alabama Bd. of Trustees v. New Life Art, Inc., 683 F.3d 1266, 1278 (11th Cir. 2012). Therefore, the Court will dismiss this count to the extent it is a false endorsement claim.  Plaintiff is granted to leave to amend to clarify the legal theory it is asserting.

      C.  Common law Unfair Competition (count four)

To the extent Defendants argue that the claim for common law unfair competition should be dismissed for failure to allege facts showing that New Era "reliquished" its ownership rights, the Court rejects this argument for the same reason discussed supra with respect to count two.  JT has made some additional arguments for dismissal of this count to which the Court will now turn.

The parties agree that Florida law requires that to prove a claim for unfair competition, Plaintiff must show that JT is a competitor of Living Color for a common pool of customers.  See Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1325 (M.D. Fla. 2007);  Practice Mgmt. Assoc., Inc. v. Old Dominion Ins. Co., 601 So. 2d 587, 587-88 (Fla. Dist. Ct. App. 1992).  While the Complaint alleges that JT terminated his employment with Living Color and participated with others to divest Living Color of its customers (Compl. ¶ 26, 28), the Complaint does not plead that JT is a competitor for a common pool of customers or anything about the pool of customers.

Next, JT contends that this claim is pre-empted by the Florida Uniform Trade Secrets Act ("FUTSA") which "displace[s] conflicting tort, restitutionary, and other law of this state

---

[2] Unfortunately, Plaintiff's response memorandum does not address this issue.

providing civil remedies for misappropriation of a trade secret." Florida Statute § 688.008. "In order to pursue claims for additional tort causes of action where there are claims for misappropriation of a trade secret, there must be material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim." New Lenox Industries, Inc. v. Fenton, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007). To conduct this analysis, the Court must compare the allegations of this claim and the claim pursuant to the FUTSA to determine if the allegations are separate and distinct. American Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1181 (M.D. Fla. 2005). While the FUTSA claim (count fourteen) indicates the various trade secrets that Defendants allegedly misappropriated, count four merely states that Defendants' conduct resulted in the "misappropriation of Living Color's entire business." (Compl. ¶ 48.) Based on this vague allegation, the Court cannot discern whether Living Color is seeking relief for anything other than the alleged misappropriation of the trade secrets.

Based on the foregoing, Plaintiff shall re-plead this claim to specify what type of "misappropriation" it is alleging and to plead facts about the pool of customers.

D. Breach of Non-Compete Agreement against JT (count five)

The Complaint alleges that JT breached the Non-Compete agreement he entered into with Plaintiff by failing to maintain the confidentiality of Plaintiff's trade secrets and other confidential information and by engaging in competition with Plaintiff. (Compl. ¶¶ 18, 51-53.)

JT contends that this claim should be dismissed because the Complaint fails to allege that JT committed prohibited acts in the counties specified in section six of the Non-Compete, that he is a currently a resident of North Carolina, and the counties covered in the agreement do not

include North Carolina.  Notably, section six covered JT during his term of employment as well as 24 months after the termination of his employment.  (Non-Compete ¶ 6.)  Thus, any action that occurred during that time period and in those counties would fall under section six.  Given that the Court must take the allegations of the Complaint to be true, the Court reads the Complaint as alleging that JT committed these acts in one of the designated counties during this time period, regardless of JT's current residency. [3]

With respect to JT's argument that this count fails to describe the trade secrets that JT allegedly misappropriated, the Court notes that the cases relied upon by JT concern misappropriation of trade secrets and not a breach of a non-compete agreement.  Lastly, the Court rejects JT's claim that the email attached to the Complaint does not show that JT encouraged or solicited other Defendants to terminate their relationships with Living Color.  The Court finds that this is a factual question and cannot be resolved at the motion to dismiss stage.

Thus, the Court denies the motion to dismiss this count.

E.  Breach of Fiduciary Duty against JT and Leyden (counts six and seven)

A plaintiff bringing a breach of fiduciary duty cause of action must prove: the existence of a fiduciary duty, a breach of that duty and damages proximately caused by the breach.  Silver v. Countrywide Home Loans, Inc., 760 F. Supp. 2d 1330, 1338 (S.D. Fla. 2011), aff'd, 2012 WL 2052949 (11th Cir. 2012); Crusselle v. Mong, 59 So. 3d 1178, 1181 (Fla. Dist. Ct. App.  2011).  With respect to allegations relating to an employee's breach of fiduciary duty, it is necessary that

---

[3] The Complaint alleges, on information and belief, that JT resides in Broward County and thus the Court must take this allegation to be true. (Compl. ¶ 8.)  In any event, the fact that JT may now live outside of Florida does not eliminate the possibility that he violated the agreement in Florida.

the Complaint alleges that an employer placed an employee in a position of trust and confidence, that the employee accepted that position and promised to act in the employer's best interest and that the employee failed to do so.  Treco Intern. S.A. v. Kromka, 706 F. Supp. 2d 1283 (S.D. Fla. 2010).  A mere employee of a corporation generally does not occupy a position of trust and owe a fiduciary duty unless he also serves as its agent.  Mandel v. Howard, No. 11–23620–Civ, 2012 WL 1069182, at * 5 (S.D. Fla. Mar. 29, 2012).

Here, the Complaint alleges that JT and Leyden worked as Living Color's sales managers responsible for management of the sales force and as Living Color's agents with Living Color's customers and New Era.  (Compl. ¶ ¶ 55, 58)  These allegations, however, do not reflect a "special degree of trust" between Living Color and JT or Leyden.  See Heritage Schooner Cruises, Inc. v. Cansler, No. 13–22494–CIV, 2013 WL 5636689, at * 4 (S.D. Fla. Oct. 16, 2013).  Nor does the Complaint explain the nature of the agency relationship.  These claims are dismissed.  Plaintiff, however, may amend this claim to remedy the pleading deficiency.

F.  Aiding and Abetting Breaches of Fiduciary Duty against New Era and Aqua-Tech (counts eight and nine)

\\	A claim for aiding and abetting a breach of fiduciary duty requires: (1) a fiduciary duty on the part of the primary wrongdoer; (2) a breach of this fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing.  Bruhl v. Price Waterhousecoppers Intern., 03-23044-CIV, 2007 WL 983263, at * 10 (S.D. Fla. Mar. 27, 2007).  To satisfy the substantial assistance element, a plaintiff must allege (1) recklessness and a duty to disclose the breach or (2) conscious intent. Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd., 05-60080-CIV,

2011 WL 1233106, at * 9 (S.D. Fla. Mar. 30, 2011) .

The Complaint alleges that New Era and Aqua-Tech induced and participated in the alleged breaches of fiduciary duty by JT and Leyden.  Given that the Complaint does not adequately allege a breach of fiduciary duty on behalf of JT and Leyden, this claim would fail for this reason, unless Plaintiff can remedy this pleading deficiency.  In addition, the Complaint fails to allege adequately that New Era and Aqua-Tech provided substantial assistance to JT and Leyden's alleged breach of fiduciary duty.  For example, at best, the Complaint alleges that New Era encouraged the termination of JT and Leyden's employment with Plaintiff.  (Ex. B to Compl.)  But the Complaint does not allege that New Era had any duty to disclose JT and Leyden's alleged breach, therefore, Plaintiff must allege facts that demonstrate a "high conscious intent" and a "conscious and specific motivation to aid the fraud."  Id.  Any such allegations are clearly lacking.

The claim is dismissed and Plaintiff is given leave to amend.

G. Tortious Interference with Advantageous Business Relationships against Aqua-Tech (counts ten-thirteen)

The elements for tortious interference with a business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant and (4) damage to the plaintiff as a result of the interference." Rosenbaum v. Becker & Poliakoff, P.A., No. 08–81004–CIV, 2010 WL 376309, at * 4 (S.D. Fla. Jan. 26, 2010); Palm Beach County Health Care Dist. v. Professional Med. Educ., Inc., 13 So.3d 1090, 1094 (Fla. Dist. Ct. App.2009); Salit v. Ruden,

McClosky, Smith, Schuster, Russell, P.A., 742 So.2d 381, 385 (Fla. Dist. Ct. App.1999).  Under Florida law, an action for tortious interference with a business relationship will lie where a party tortiously interferes with a contract terminable at will.  See Tamiami Trial Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985); McCurdy v. Collis, 508 So.2d 380, 383 (Fla. Dist. Ct. App. 1987); Unistar Corp. v. Child, 415 So.2d 733, 734 (Fla. Dist. Ct. App.1982); see also Ahern v. Boeing Co., 701 F.2d 142, 144 (11th Cir.1983) ("The Florida courts have determined that 'an action will lie where a party tortiously interferes with a contract terminable at will' ").  That stated, it is only direct and unjustified interference that is actionable.  Rosenbaum, 2010 WL 376309, at * 5.  There can be no interference when the action undertaken is to safeguard or promote one's own financial or economic interest.  Genet Co. v. Annheuser-Busch, Inc., 498 So. 2d 683, 684 (Fla. Dist. Ct. App. 1986).

With respect to Aqua-Tech and New Era, the Complaint alleges that these entities interfered with the employment relationships of JT and Leyden and, in addition, Aqua-Tech interfered with the business relationship as well.  (Compl. ¶¶ 72, 77.)  This was accomplished by virtue of Aqua-Tech, New Era and JT's "plot to divest" Living Color of the business and employment relationship as well as its trade secrets and customers. (Compl. ¶ 26.)  Aqua-Tech and New Era claim that they were engaging in lawful and privileged commercial competition (DE 34 at 11), that Aqua-Tech did not initiate any of the communications at issue (DE 34 at 12) and that New Era did not act with the requisite intent to interfere with the former employees' relationships (DE 46 at 12).  Arguments, which concern intent and whether the parties were engaging in proper commercial competition, are best left to the summary judgment stage when a complete record can be developed.  Thus, the motion to dismiss the tortious interference claims

against Aqua-Tech and New Era is denied.

With respect to JT, JT notes that the Complaint supports the conclusion that he had a supervisory interest in the business relationship at issue (DE 32 at 20) and "for the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 386 (Fla. Dist. Ct. App. 1999) (internal quotation marks omitted). "A defendant is not a stranger to a business relationship if the defendant has any beneficial or economic interest in, or control over, that relationship." Palm Beach County Health Care District v. Professional Med. Educ., Inc., 13 So. 3d 1090, 1094 (Fla. Dist. Ct. App. 2009) (internal quotation marks omitted). The exception to this rule is when a defendant is acting "solely out of spite, to do harm or for some other bad motive." Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1294 n.9 (11th Cir. 2001). A review of the Complaint demonstrates that JT was in charge of the "lead operations" of the business relationship and the primary contact with New Era. (Compl. ¶¶ 17, 24.) At this stage, the Court cannot determine, as a matter of law, whether JT's role would render him a "stranger" to the business relationship or if the "malice" exception would apply.[4] In other words, at this early stage, the Court will allow this claim to proceed against JT.

Lastly, Leyden argues that the email communication attached to the Complaint demonstrates that none of the emails upon which Plaintiff relies were sent by Leyden or copied to Leyden, and there are no other factual allegations in the Complaint demonstrating that Leyden took any action to interfere with Plaintiff's business relationship. Plaintiff responds that although

---

[4] This same analysis can be applied to New Era's argument that it was not a stranger to the business relationship.

Leyden "disagrees" with its allegations, "there are sufficient allegations contained in the Complaint from which it can be inferred that he was involved and an active participant in the plan." (DE 42 at 11.)  Notably, Plaintiff has not provided any citations to support this assertion and the Court finds that the allegations against Leyden are simply too sparse to allow it to proceed.  Plaintiff is granted leave to amend this claim.

H. Misappropriation of Trade Secrets against all Defendants (count fourteen)

To plead a claim for misappropriation of trade secrets under Florida Statute § 688.001 et seq., a plaintiff must allege that "(1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001).  Additionally, the plaintiff must describe the misappropriated trade secret with "reasonable particularity." Treco Int'l, S.A. v. Kromka, 706 F. Supp. 2d 1283, 1286 (S.D. Fla.2010).

Defendants complain that Plaintiff has failed to allege the trade secrets with "reasonable particularity."  Notably, the vast majority of the cases relied upon by Defendants concern cases beyond the pleading stage.  (DE 33 at 25.)   Furthermore, the Court finds that by identifying "customer lists, pricing information, sales forecasts," Plaintiff has adequately alleged the trade secrets at issue.  See NPA Assocs., LLC v. Lakeside Portfolio Mgmt., LLC, No. 12–23930–CIV, 2014 WL 714812, at * 3 (S.D. Fla. Feb. 22, 2014) (pleading found to be sufficient when it alleged "proprietary confidential information related to the mortgages, including names, addresses, social security numbers, and financial information of thousands of borrowers, as well

as proprietary calculations, assessments, and/or formulas related to the investment viability"). The Court cannot discern any way for Plaintiff to expand on its description of its trade secrets without actually disclosing the trade secrets. Id. at * 3 ("Under the theory propounded by [the defendants, to protect a trade secret in an action before the Court, the [p]laintiffs would have to betray that secret.")

That stated, this count still must be re-pled to address a different pleading deficiency; namely, the improper grouping of all Defendants in this count, without explaining how each Defendant misappropriated the trade secrets. See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., No. 05–60080–CIV, 2011 WL 1233126, at * 2 ("This lumping technique 'creates confusion and make the analysis of the complaint unnecessarily burdensome,' and results in . . . making accusations that are 'just not accurate.'"). Thus, this claim is dismissed on that basis, but Plaintiff may re-plead.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant John T. O'Rourke's Motion to Dismiss (DE 32); Defendant New Era Aquaculture, Ltd.'s Motion to Dismiss the Complaint (DE 33); Defendant Aqua-Tech Co.'s Motion to Dismiss (DE 34) and Defendant Daniel Leyden's Motion to Dismiss (DE 35) are **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is granted leave to amend the Complaint pursuant to this Order's

directives **within 14 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of April, 2015.

_____
KENNETH A. MARRA
United States District Judge